Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| OFERTAS PROPERTIES LLC; RIOS RIVERA RESTAURNATS, INC. **Apelado** V. ASENCIO & SON CORP; SR. JAIME RAMIRO ASENCIO MALDONADO, presidente; ADA MYRNA, ADA MAYRA e YMA IVETTE TOMASINI LÓPEZ y WILLIAM SAMUEL COLÓN LÓPEZ **Apelante** | KLAN202401002 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce Civil. Núm. PO2022CV03442 Sobre: Sentencia Declaratoria |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

**Hernández Sánchez, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 16 de diciembre de 2024.

El 15 de noviembre de 2024, Asencio & Son Corp. (Asencio), el Sr. Jaime Ramiro Asencio Maldonado (señor Jaime Ramiro), presidente de la referida corporación, la Sra. Ada Myrna López Rosado (señora Ada Myrna), la Sra. Ada Mayra López Rosado (señora Ada Mayra), la Sra. Yma Ivette López Rosado (señora Yme Ivette), la Sra. Yma Ivettte Tomasini López (señora Tomasini) y el Sr. William Samuel Colón López (señor Colón) (en conjunto, los apelados) comparecieron ante nos mediante un recurso de *Apelación* y solicitaron la revisión de una *Sentencia Sumaria* que se emitió y notificó el 9 de septiembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI). Mediante el aludido dictamen, el TPI declaró Ha Lugar la *Sentencia Sumaria* que presentó Ofertas Properties LLC (Ofertas o apelado) y Ríos Rivera Restaurantes, Inc. (Ríos Rivera) y No Ha Lugar a la reconvención que

presentó la parte apelante. En consecuencia, declaró Ha Lugar la *Demanda.*

I.

El 16 de diciembre de 2022, los Ofertas y Ríos Rivera presentaron una *Demanda* sobre Sentencia Declaratoria en contra de Asencio, el señor Jaime Ramiro, la señora Ada Myrna, la señora Ada Mayra, y la señora Yme Ivette.[1] En esta, alegaron que Ofertas era propietaria en pleno dominio de una propiedad inmueble ubicada en el municipio de Ponce. Sostuvieron que la referida propiedad le fue arrendada a Ríos Rivera mediante un *Contrato de Arrendamiento* que se otorgó el 2 de septiembre de 2022. Indicaron que Asencio era arrendataria del inmueble que colindaba con la propiedad antes mencionada en el cual operaba un restaurante bajo el nombre *Tablas.* Afirmaron que las dueñas en pleno dominio de la propiedad arrendada por Asencio eran la señora Ada Myrna, la señora Ada Mayra y la señora Yma Ivette.

Por otra parte, plantearon que Asencio alegó la existencia de una servidumbre de signo aparente por lo que presentó una petición de interdicto posesorio en el caso civil núm. PO2022CV03275. Particularmente señalaron que, Asencio sostuvo que sobre la propiedad inmueble perteneciente a Ofertas y arrendada por Ríos Rivera existía una servidumbre de paso de signo aparente a favor del inmueble en el que operaba el restaurante *Tablas.* Afirmaron que ello no era correcto y para evidenciarlo presentaron una copia del estudio de título de la propiedad perteneciente a Ofertas mediante el cual no surgía ninguna carga o gravamen consistente de una servidumbre de paso. Ante ello, le solicitaron al TPI a que dictara una sentencia declaratoria decretando la inexistencia de una

---

[1] Véase, págs. 4-8 del apéndice del recurso.

servidumbre de paso sobre la finca perteneciente en pleno dominio a Ofertas.

En respuesta, el 3 de marzo de 2023, Asencio, el señor Jaime Ramiro, la señora Ada Myrna, la señora Ada Mayra, y la señora Yma Ivette presentaron su alegación responsiva y reconvención.[2] En primer lugar, aclararon que la señora Yma Ivette donó la nuda propiedad a sus hijos, a saber, la señora Tomassini y el señor Colón mediante una escritura otorgada el 13 de febrero de 2022. Luego puntualizaron que, existía una servidumbre de paso mediante un acuerdo de voluntad entre las partes por más de cuarenta (40) años. Añadieron que, esta presunta servidumbre de paso no tenía que ser recogida en un documento público ni privado ya que surgió como resultado de dicho acuerdo de voluntades.

Por otra parte, argumentaron que el señor Jaime Ramiro no ostentaba ningún interés propietario en la propiedad inmueble en cuestión ni en la servidumbre que se alegaba que existía. Sostuvieron que el único reclamo de este último era que se le continuara brindado el paso que ostentaba desde que arrendó la propiedad. Poro esta razón, plantearon que se debía desestimar la causa de acción en su contra.

Por otro lado, como parte de sus defensas afirmativas, aseveraron que por más de cincuenta (50) años, habían utilizado el acceso de la propiedad de Ofertas sin ninguna objeción o limitación. Además, afirmaron que por más de veinte (20) años, tanto la propiedad inmueble de Ofertas como la de ellos compartía estacionamiento por acuerdo de voluntades entre cada uno de los titulares. En vista de lo antes expuesto, aseguraron que la sentencia declaratoria no era el mecanismo procesal adecuado para resolver las controversias habidas entre las partes ya que ello los dejaría sin

---

[2] Íd., págs. 28-36.

remedio al emitir una determinación estableciendo la inexistencia de una servidumbre que existía por acuerdo de voluntad de las partes.

Ahora bien, en su reconvención, en síntesis, señalaron que ambas propiedades inmuebles se habían beneficiado de los acuerdos alcanzados en cuanto a la servidumbre de paso y que la continuidad de dicho acuerdo no había causado perjuicio alguno. Indicaron que ello se sostuvo con las propias actuaciones de múltiples titulares previos de la propiedad que, según ellos, servía como predio dominante. Por estos motivos, indicaron que había quedado establecida la existencia de una servidumbre de paso la cual el TPI debía reconocer y ordenar su correspondiente inscripción en el Registro de la Propiedad.

Así las cosas, el 17 de marzo de 2023, los apelados presentaron una *Réplica a la Reconvención.*[3] En esta negaron la mayoría de las alegaciones en su contra y, en síntesis, alegaron que Asencio, el señor Jaime Ramiro, la señora Ada Myrna, la señora Ada Mayra, y la señora Yma Ivette carecían de prueba válida para demostrar la existencia de los alegados acuerdos entre titulares o poseedores anteriores en cuanto a la presunta servidumbre de paso. Así pues, argumentaron que procedía la desestimación de la *Reconvención* al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2 por dejar de exponer una reclamación que justifique la concesión de un remedio.

Posteriormente, Ofertas y Ríos Rivera enmendaron la demanda con el único efecto de incluir como partes indispensables a la señora Tomasini y al señor Colón, hijos de la señora Yma Ivette.[4] En respuesta, el 11 de mayo de 2023, los apelantes presentaron una *Contestación a Demanda Enmendada y Reconvención Enmendada*

---

[3] Íd., págs. 37-41.
[4] Íd., págs. 45-49.

negando la mayoría de las alegaciones de la Demanda Enmendada y reiterando los argumentos previamente presentados en la Reconvención original.[5] El 16 de mayo de 2023, Ofertas y Ríos Rivera presentaron su *Réplica a la Reconvención Enmendada* negando la mayoría de las alegaciones en su contra y reiterando las defensas afirmativas que se presentaron en la *Réplica a la Reconvención* que se presentó el 17 de marzo de 2023.[6]

Luego de varios trámites procesales, el 26 de enero de 2024, Ríos Rivera presentó una *Moción de Sentencia Sumaria*.[7] En primer lugar, enumeró siete (7) hechos que, a su juicio, no estaban en controversia. Luego argumentó que, según estos hechos incontrovertidos, la prueba documental que obraba del expediente y el derecho aplicable era evidente que la propiedad de Ofertas no tenía ninguna carga o gravamen consistente de una servidumbre de paso. Además, expresó que, en su alegación responsiva y reconvención, la parte apelante planteó que presuntamente los arrendadores anteriores se servían del acceso brindado por más de cuarenta (40) años sin interrupción alguna. En cuanto a ello argumentó que las servidumbres de paso no eran susceptibles de prescripción adquisitiva.

Por último, en cuanto a los planteamientos por parte de los apelantes que hubo unos acuerdos entre los propietarios anteriores permitiendo acceso a su propiedad atravesando la parte posterior de la propiedad de los apelados, afirmó que estos últimos no habían podido presentar ningún título que acreditara el establecimiento de una servidumbre de paso mediante un negocio jurídico. Aseveró que lo único que habían producido para evidenciar dicho acuerdo era un documento que no contenía ni firmas ni fechas ciertas. Por estos

---

[5] Íd., págs. 51-59.
[6] Íd., págs. 60-64.
[7] Íd., págs. 80-91.

motivos, le solicitó al TPI a que dictara Sentencia Sumaria negatoria de la servidumbre de paso y a su vez que desestimara la reconvención que presentó la parte apelante.

Cabe precisar que, el 7 de febrero de 2024, Ofertas presentó una Moción en Cumplimiento de Orden uniéndose a los argumentos de Ríos Rivera en su moción dispositiva.

El 15 de abril de 2024, la parte apelante presentó su *Oposición a Solicitud de Sentencia Sumaria.*[8] En esta expuso los hechos que, a su juicio, estaban en controversia y los que no. Señaló que al momento en que Ofertas adquirió la propiedad, esta última conocía la existencia de la servidumbre de paso y no dejó nada establecido en la Escritura para efectos de interrumpir el acceso o eliminarlo. Indicó que Ofertas colocó una verja que limitaba el acceso y le entregó una llave del portón al señor Asencio quien operaba el restaurante *Tablas* en el inmueble perteneciente a los demás apelantes.

Por otro lado, reconoció que del historial de la finca perteneciente a los apelantes no se había podido identificar la constitución de una servidumbre mediante título. Sin embargo, puntualizó que existía un signo aparente que permitió el acceso a una (1) mueblería y dos (2) restaurantes más el actual restaurante *Tablas.* Sostuvo que dicho acceso era totalmente visible y existente para todos los adquirientes de la propiedad y que ninguno hizo una salvedad en cuanto a un uso indebido o exigiendo el cese y desista de este acceso durante todos esos años. Por último, argumentó que de ser permanentemente limitado el acceso, la propiedad de los apelantes se convertiría en una finca enclavada. Por estas razones, solicitó que se declarara No Ha Lugar la Sentencia Sumaria y se

---

[8] Íd., págs. 136-151

ordenara la continuación de los procesos de descubrimiento de prueba.

Posteriormente, el 2 de mayo de 2024, Ríos Rivera presentó una *Réplica a Oposición a Moción de Sentencia Sumaria.*[9] En primer lugar, planteó que la parte apelante no controvirtió los hechos materiales que se propusieron en la Solicitud de Sentencia Sumaria. Además, sostuvo que las controversias de hechos expuestas en la oposición no contaban con prueba alguna que las sustentaran por lo que debían excluirse. Por otro lado, argumentó que no se constituyó en ningún momento una servidumbre de signo aparente ya que ambas propiedades tendrían que pertenecer a un mismo dueño y este tendría que establecer un signo aparente entre sus propios terrenos. Afirmó que ello no era lo que ocurrió en el presente caso. De igual forma, señaló que el argumento en torno a la finca enclavada no tenía méritos y que la parte apelante no lo presentó como parte de sus defensas afirmativas ni en la alegación responsiva original ni en la enmendada, ni como parte de su reconvención. En cuanto a ello puntualizó que la parte apelante no podía enmendar sus alegaciones mediante su escrito de oposición. En virtud de lo antes expuesto, reiteró su solicitud de desestimación de la reconvención y que se dictara sentencia sumaria negatoria de servidumbre.

Posteriormente, el 3 de mayo de 2024, Ofertas presentó una *Moción en Cumplimiento de Orden*. [10] Expresó que se unía en todas sus partes a la *Réplica a la Oposición a Moción de Sentencia Sumaria* que presentó Ríos Rivera.

El 26 de junio de 2024, Ríos Rivera presentó una *Moción de Desistimiento Parcial* en la cual le solicitó al TPI a que le autorizara a desistir sin perjuicio del caso de autos ya que había tomado la

---

[9] Íd., págs. 183-192.
[10] Íd., págs. 193-194.

decisión de cerrar el negocio que operaba en la propiedad de Ofertas.[11] Aclaró que el caso continuaría con Ofertas. El 2 de julio de 2024, el TPI emitió una *Sentencia Parcial* declarando Ha Lugar el desistimiento por parte de Ríos Rivera sin perjuicio.[12] En esta también aclaró que el caso continuaría con Ofertas. Ante ello, el 12 de julio de 2024, Ofertas presentó una *Solicitud para Ratificar Moción de Sentencia Sumaria.*[13] En esta reiteró que se ratificaba en todas sus partes la Moción de Sentencia Sumaria y la Réplica a Oposición a Moción de Sentencia Sumaria por lo que le solicitó al TPI a que dictara Sentencia Sumaria negatoria de servidumbre y desestimara la reconvención que presentó la parte apelante.

Evaluados los escritos de ambas partes, el 9 de septiembre de 2024, el TPI dictó y notificó una *Sentencia.*[14] En esta luego exponer el derecho aplicable, resolvió lo siguiente:

> Es preciso puntualizar que las servidumbres de paso discontinuas y aparentes solo pueden adquirirse mediante título y, por excepción, mediante signo aparente si concurren los elementos establecidos en el Artículo 447 del Código Civil, *supra.* Por lo tanto, luego de examinar la prueba documental y los escritos de las partes, este Tribunal puede concluir que no se constituyó servidumbre de paso. No surge que la propiedad inmueble perteneciente a los demandantes haya pertenecido a un mismo dueño o a sus herederos, por tanto, los pretendidos predios sirviente y dominante no pertenecían al mismo dueño. Ofertas adquirió la propiedad por compra a Lizette Rexach Feliciano, Jorge Antonio Saldaña, Lizette del Carmen Rexach Feliciano y Lizette Marie Saldaña Rexach; quienes a su vez adquirieron la propiedad por herencia de Emilio José Saldaña Nuñez, casado con Lizette del Carmen Rexach Feliciano, quienes la adquirieron por compra a Unitech Engineering Group, SE. Por su parte, los demandados adquirieron la propiedad por herencia de Samuel López Estrada y su esposa Ana Lydia Rosado Toro. Por ello, no se cumple con el primer requisito establecido en el Artículo 447 del Código Civil, *supra,* en lo relativo a que el signo aparente entre las dos fincas tiene que haber sido establecido por el propietario de ambas para que éste se considere como título de servidumbre.
>
> Por otra parte, aun cuando el Artículo 466 dispone que "pueden establecerse servidumbres en provecho de una

---

[11] Íd., págs. 197-198.
[12] Íd., págs. 203-204.
[13] Íd., págs. 201-202.
[14] Íd., págs. 205-220.

o más personas, o de una o más comunidad, a quienes no pertenezca la finca gravada", estas servidumbres denominadas personas, son servidumbres irregulares o anómalas distinguibles de las servidumbres prediales en que no gravan un predio en favor de otro, sino que gravan un predio a favor de una o más personas. Véase *Borges v. Registrador*, 91 DPR 112, 121-122 (1964). La naturaleza personal de las servidumbres personales excluye la posibilidad de que se constituya una servidumbre de signo aparente debido a que el Artículo 477, supra, especifica que el signo debe ser establecido entre dos (2) fincas, con el propósito de distinguir la naturaleza real del gravamen impuesto sobre un afinca en favor del otra. *Soc. de Gananciales v. Mun. de Aguada*, supra, pág. 132-133.

Cabe destacar que la mera tolerancia de los dueños del predio perteneciente al demandante no crea el derecho de servidumbre de paso por signo aparente. Díaz v. Con. *Tit. Cond. El Monte N. Garden*, supra citando a *Goenaga v. O'Neill de Milán*. Las servidumbres no se presumen, sino hay que probar su constitución. *Ibáñez v. Tribunal Superior*, supra.

Por otro lado, la parte que se opone a una solicitud de sentencia sumaria no puede traer en su oposición, defensas o reclamaciones nuevas ajenas a los hechos consignados en sus alegaciones. Esta parte debe solicitar autorización al tribunal para enmendar sus alegaciones, según dispone la Regla 13 de Procedimiento Civil. Por consiguiente, la parte demandada estaba obligada a procurar la autorización del tribunal para enmendar su *Contestación a Demanda y Reconvención Enmendada* y, de este modo, incluir aseveraciones vinculadas a su alegación de que "la eliminación del acceso convierte a la finca propiedad de la parte demandada reconviniente en una finca enclavada sin un acceso razonable a una vía pública".

En vista de lo antes expuesto, declaró Ha Lugar la *Sentencia Sumaria* que presentó Ofertas y No Ha Lugar a la reconvención que presentó la parte apelante. En consecuencia, declaró Ha Lugar la *Demanda*. En descuerdo con este dictamen, el 25 de septiembre de 2024, la parte apelante presentó una *Solicitud de Reconsideración*.[15] El 4 de octubre de 2024, Ofertas presentó una oposición a la solicitud de reconsideración.[16] Así las cosas, el 4 de octubre de 2024, el TPI dictó una *Resolución* que se notificó el 8 de octubre de 2024 declarando No Ha Lugar la solicitud de reconsideración que presentó

---

[15] Íd., págs. 221-226.
[16] Íd., págs. 227-231.

la parte apelante. Aún inconforme, el 7 de noviembre de 2024, la parte apelante presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el TPI al dictar Sentencia Sumaria declarando Con Lugar la acción denegatoria de servidumbre y declarando No Ha Lugar la Reconvención presentada por la parte Apelante.**
>
> **Erró el TPI al concluir que la parte apelante debió solicitar la correspondiente enmienda a la Reconvención y/o defensas afirmativas, razón por la cual, no tomó en consideración el planteamiento sobre el efecto que tiene la eliminación del acceso haciendo de la propiedad inmueble perteneciente a la apelante, una finca enclavada.**

Atendido el recurso, el 12 de noviembre de 2024, emitimos una *Resolución* concediéndole a la parte apelada hasta el 6 de diciembre de 2024 para presentar su alegato en oposición. Oportunamente, Ofertas presentó un *Alegato Civil en Cumplimiento de Resolución* y negó que el TPI cometiera los errores que los apelantes le imputaron. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

En esencia, el principio rector de las Reglas de Procedimiento Civil es proveerles a las partes envueltas en un pleito legal, una solución justa, rápida y económica en todo procedimiento. Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R.1. El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, hace viable este objetivo en aquellos casos en que surja de forma clara que no existen controversias materiales de hechos que requieren ventilarse en un juicio plenario y el derecho así lo permita.

Conforme a la Regla 36.3 (e) de Procedimiento Civil, *supra,* se dictará sentencia sumaria "si las alegaciones, deposiciones, contestaciones e interrogatorios y admisiones ofrecidas, en unión a

las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente, y, además, si el derecho aplicable así lo justifica". A estos efectos, el foro judicial tiene la potestad para disponer de asuntos pendientes sin la necesidad de celebrar un juicio, esto debido a que lo que restaría sería aplicar el derecho a los hechos no controvertidos. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012).

Es menester destacar que, solo procede dictar sentencia sumaria cuando surge claramente que el promovido no puede prevalecer y que el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. *Mejías et al. v. Carrasquillo et al.,* supra, pág. 299. Por lo tanto, no procede dictar sentencia sumaria cuando no existe una clara certeza sobre todos los hechos materiales en la controversia. Íd. Aun así, "[c]ualquier duda no es suficiente para derrotar una moción de sentencia sumaria. Tiene que ser una duda que permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes". *Ramos Pérez v. Univisión*, 178 DPR 200, 214 (2010).

En reiteradas ocasiones, el Tribunal Supremo ha establecido que se considera como un hecho esencial y pertinente, aquel que "puede afectar el resultado de la reclamación acorde con el derecho sustantivo aplicable". Íd., pág. 213. Dicho esto, para que proceda una moción de sentencia sumaria no tan solo se requiere que haya una inexistencia de hechos en controversia, sino que también la sentencia que dicte el foro judicial tiene que proceder conforme al derecho sustantivo aplicable.

En particular, la Regla 36.2 de Procedimiento Civil, *supra*, permite que cualquier parte presente una moción, basada en declaraciones juradas, o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y

pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación. Al solicitar dicho remedio, la parte que promueve la sentencia sumaria "deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". *Municipio de Añasco v. ASES et al.,* 188 DPR 307, 310 (2013).

Por su parte, la parte que se opone a la sentencia sumaria no puede tomar una actitud pasiva y descansar en las aseveraciones o negaciones consignadas en su alegación. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018).  Por el contrario, esa persona viene obligada a enfrentar la moción de su adversatario de forma tan detallada y especifica como lo ha hecho el promovente en su solicitud puesto que, si incumple con lo antes mencionado corre el riesgo de que se dicte sentencia es su contra. *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013). Específicamente, la Regla 36.3 de Procedimiento Civil, *supra,* expone los criterios que debe cumplir la parte que se opone a la moción de sentencia sumaria.

Al amparo de dicha regla, la oposición a la solicitud de sentencia sumaria el promovido debe, como parte de su carga desglosar los hechos sobre los que aduce que no existe controversia, y, además para cada uno de ellos debe especificar la página o párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya. Asimismo, cabe destacar que, la Regla 36.5 de Procedimiento Civil*, supra*, establece que las declaraciones juradas  para sostener u oponerse a  una  moción  de  sentencia sumaria que contienen solo conclusiones, sin hechos específicos que las apoyen, no tienen valor probatorio, por lo que son insuficientes para demostrar la existencia de lo que allí se concluye.

Según dispone el caso de *Mejías et al. v. Carrasquillo et al.,* supra, pág. 300 citando a: *Cuadrado Lugo v. Santiago Rodríguez,*

126 DPR 272, 280-281 (1990), "al evaluar una moción de sentencia sumaria, los jueces no están limitados por los hechos o documentos que se aduzcan en la solicitud, sino que deben considerar todos los documentos en autos, sean o no parte de la solicitud de sentencia sumaria de los cuales surjan admisiones hechas por las partes".

En síntesis, no procede dictar sentencia sumaria cuando: (1) existen hechos materiales y esenciales en controversia; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción de sentencia sumaria una controversia real sobre algún hecho material y esencial; (4) como cuestión de derecho no procede. *Pepsi-Cola v. Mun. Cidra*, 186 DPR 713, 757 (2012); *Ramos Pérez v. Univisión, supra*, pág. 217. Además, no se debe adjudicar un caso sumariamente cuando existe controversia sobre elementos subjetivos, de intención, propósitos mentales o negligencia, o cuando el factor credibilidad es esencial y está en disputa. Íd. pág. 219.

Ahora bien, según *Verá v. Dr. Bravo*, 161 DPR 308, 334-335 (2004) este Foro Apelativo utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sin embargo, el Tribunal Supremo especifica que, al revisar la determinación de primera instancia sólo podemos considerar los documentos que se presentaron ante el TPI. Íd. Lo anterior, debido a que "las partes no pueden añadir en apelación *exhibits*, deposiciones o affidávits que no fueron presentadas oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo". Íd. Además, sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó de forma correcta. Íd. Es decir, no podemos

adjudicar los hechos materiales y esenciales en disputa, ya que esta tarea le corresponde al Tribunal de Primera Instancia. Íd.

Por otro lado, en *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 118 (2015), el Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar de *novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y con los discutidos en *SLG Zapata-Rivera v. J. Montalvo, supra;* (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

**-B-**

Una servidumbre se define como un derecho real limitado impuesto sobre una finca, denominada predio sirviente, en beneficio de otra finca denominada finca dominante. Art. 935 del Código Civil de 2020, 31 LPRA sec. 8501.[17] El Código Civil clasifica las servidumbres según su naturaleza y características. Es decir, por razón de su origen, por su visibilidad o por su contenido. Así pues, las servidumbres pueden ser voluntarias o forzosas, según la voluntad de los propietarios de las fincas involucradas o conforme a lo que disponga la ley. Art. 938 del Código Civil de 2020, 31 LPRA sec. 8504. Consecuentemente, "mientras las primeras dependen de

---

[17] El Código Civil de 1930 fue derogado por la Ley 55-2020, según enmendada, conocida como el Código Civil de Puerto Rico de 2020, 31 LPRA 5311 *et seq.* Para propósitos de la adjudicación de este caso estaremos citando el Código Civil de 2020, por ser el estatuto vigente al momento en que se presentó la Demanda del presente pleito.

la voluntad de los propietarios, las segundas son aquellas cuyo título de constitución es la ley y, por lo tanto, el dueño del predio destinado a sufrirlas no puede impedir su nacimiento". *Ciudad Real v. Municipio de Vega Baja*, 161 DPR 160, 172 (2004).

Las servidumbres de paso son clasificadas como servidumbres forzosas. Particularmente, el Art. 955 del Código Civil de 2020, 31 LPRA sec. 8542, dispone que un titular con salida insuficiente a una vía pública puede exigirles a sus vecinos el acceso a ella mediante el establecimiento de una servidumbre de paso de anchura y características suficientes para la utilización de la finca dominante.

Ahora bien, el Art. 937 del Código Civil de 2020, 31 LPRA sec. 8503, establece una distinción entre el tipo de servidumbres que pueden afectar a las tierras y dispone que estas pueden ser clasificadas de la siguiente manera: (1) continua o discontinua; (2) aparentes o no aparentes; y, por último, (3) positivas o negativas. En lo que nos compete en el caso ante nos, las servidumbres discontinuas son las que se usan a intervalos mas o menos largos y dependen de actos humanos. Íd. Por otra parte, las servidumbres aparentes son las que se anuncian y están continuamente a la vista por signos exteriores que tienen una relación objetiva con su aprovechamiento. Íd.

Según nuestro ordenamiento jurídico, las servidumbres de paso se consideran servidumbres discontinuas por su naturaleza y, por ende, solo pueden constituirse mediante negocio jurídico. Art. 946 del Código Civil de 2020, 31 LPRA sec. 8523; *Soc. de Gananciales v. Mun. de Aguada*, 144 DPR 114, 124 (1997). Sin embargo, a modo de excepción, las servidumbres de paso pueden existir si contienen un signo aparente que revele su uso y aprovechamiento. *Soc. Gananciales v. Srio. de Justicia*, 137 DPR 70, 78 (1994).

El Tribunal Supremo en el caso *Díaz v. Con. Tit. Cond. El Monte n. Garden,* 132 DPR 452, 460-463 (1993), establece que para que se constituya una servidumbre de paso de signo aparente tienen que concurrir los siguientes requisitos: (1) que la existencia de un signo aparente entre dos fincas; (2) que el signo aparente de servidumbre lo haya constituido el dueño de ambas fincas; (3) que una de las fincas sea enajenada; y, por último, (4) que el signo aparente de servidumbre no se haya hecho desaparecer previo a la enajenación o que no se haya hecho una manifestación contraria a la subsistencia del mismo en el título de enajenación de cualquiera de las funcas.

Por último, cabe precisar que, la mera existencia de veredas trillos o caminos irregulares no equivale a un signo aparente de servidumbre de paso. Íd., pág. 461. Tampoco queda constituida dicha servidumbre por la mera tolerancia de dicho paso. Íd.

**-C-**

La Regla 13 de Procedimiento Civil, 32 LPRA Ap. V, R. 13.1, dispone sobre las enmiendas a las alegaciones que:

> [c]ualquier parte podrá enmendar sus alegaciones en cualquier momento antes de habérsele notificado una alegación responsiva, o si su alegación es de las que no admiten alegación responsiva y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. **En cualquier otro caso, las partes podrán enmendar su alegación únicamente con el permiso del tribunal o mediante el consentimiento por escrito de la parte contraria; y <u>el permiso se concederá liberalmente cuando la justicia así lo requiera.</u>** La solicitud de autorización para enmendar las alegaciones deberá estar acompañada de la alegación enmendada en su totalidad. Una parte notificará su contestación a una alegación enmendada dentro del tiempo que le reste para contestar la alegación original o dentro de veinte (20) días de haberle sido notificada la alegación enmendada, cualquiera de estos plazos que sea más largo, a menos que el tribunal de otro modo lo ordene. (Énfasis nuestro).

Como se desprende de lo anterior, nuestro ordenamiento jurídico permite que las partes enmienden sus alegaciones para

incluir cuestiones omitidas o para clarificar reclamaciones. *Colón Rivera v. Wyeth Pharm*, 184 DPR 184, 197 (2012). Conforme a la precitada regla, dichas enmiendas son reconocidas en dos circunstancias en particulares; dentro de los veinte (20) días de haber sido notificado su alegación o en cualquier otra circunstancia, pero con el permiso del Tribunal o la anuencia de la parte contraria. Regla 13.1 de las de Procedimiento Civil, *supra*.

Los tribunales poseen amplia discreción para decidir si permiten o no la enmienda de una alegación, incluso en etapas adelantadas de los procedimientos. Íd. La revocación de la determinación del juez únicamente procede ante un perjuicio manifiesto a la parte contraria o un claro abuso de discreción al autorizar la enmienda. Íd.

A pesar de este enfoque liberal para autorizar enmiendas de las alegaciones, esta libertad no es infinita. Íd., pág. 199. Sino que limita su discreción a aquellos casos en los que la justicia así lo requiera. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738 (2005). El Tribunal Supremo ha establecido que la discreción de los tribunales queda sujeto al análisis dinámico y conjunto de estos cuatro elementos: (1) el impacto del tiempo transcurrido previo a la enmienda; (2) la razón por la demora; (3) el perjuicio a la otra parte; y (4) la procedencia de la enmienda solicitada. *Colón Rivera v. Wyeth Pharm*, supra, pág. 199.

III.

En el presente caso, los apelantes nos solicitaron la revocación de una *Sentencia* que se dictó y notificó el 9 de septiembre de 2024. Específicamente, en su primer señalamiento de error, argumentaron que el TPI erró al dictar Sentencia Sumaria declarando Ha Lugar la acción denegatoria de servidumbre y declarando No Ha Lugar la Reconvención que ellos presentaron. Por otro lado, en su segundo señalamiento de error, indicaron que el TPI

erró al resolver que la parte apelante debió solicitar la correspondiente enmienda a la Reconvención y/o defensas afirmativas para incluir su argumento sobre la finca enclavada.

Previo a discutir los señalamientos de error previamente reseñados, cabe precisar que, al momento de revisar la concesión de una sentencia sumaria, nos encontramos en la misma posición que el foro primario. A tono con esta norma, debemos evaluar, en primer lugar, si al presentar la solicitud de sentencia sumaria y su oposición las partes cumplieron con los requisitos de forma establecidos en la Regla 36.3 de Procedimiento Civil, *supra,* y con los dispuestos en *SLG Zapata-Rivera v. J.F. Montalvo,* supra. Al evaluar los escritos presentados por las partes juzgamos que, en esencia, ambas cumplieron con los referidos requisitos. Resuelto lo anterior, nos corresponde entonces evaluar si existen hechos materiales en controversia que nos impidan dictar sentencia sumaria.

Tras haber revisado la totalidad del expediente, evaluados los argumentos de las partes y aquilatada la prueba documental que obra ante nos, concluimos que no existen hechos sustanciales en controversia que impidan dictar sentencia sumaria. Por ello, nos resta determinar lo siguiente: (1) si se constituyó la servidumbre de paso por signo aparente a favor de los apelantes y (2) si los apelantes podían traer en su oposición a la solicitud de sentencia sumaria el argumento sobre finca enclavada. *Veamos.* Cabe aclarar que, en el dictamen recurrido, el TPI utilizó el Código Civil del 1930 para fundamentar su determinación. Sin embargo, el Código Civil aplicable al presente recurso es el Código Civil de 2020 por ser el estatuto vigente al momento de la presentación de la *Demanda.*

En su primer señalamiento de error, la parte apelante argumentó que el TPI erró al dictar Sentencia Sumaria denegando la servidumbre de paso y declarando No Ha Lugar la reconvención.

*No le asiste la razón.* En el caso de autos, los apelantes reconocieron que de un historial de la finca que les pertenece no se había podido identificar la constitución mediante título de una servidumbre. Sin embargo, plantearon que los pasados titulares de las propiedades objeto de esta controversia habían llegado a un acuerdo de voluntad en cuanto al uso y aprovechamiento de una servidumbre de paso. Para evidenciar este acuerdo presentaron un documento denominado *Reconocimiento Libre Uso de una Entrada o Portón* que **no llevaba fecha o firma cierta** el cual presuntamente ratificaba el comportamiento de los titulares en cuanto a esta servidumbre.[18] En virtud de ello, argumentaron que a pesar de que no existía un título para acreditar este derecho real, se constituyó una servidumbre de paso por signo aparente por acuerdo de voluntades. Expresaron que dicho acceso era totalmente visible y existente para todos los adquirientes que a través de los años habían sido titulares de las propiedades. Además, indicaron que los pasados titulares de la propiedad perteneciente a Ofertas, nunca habían hecho salvedad alguna en cuanto al uso indebido o exigiendo la extinción o cese y desista de ese acceso durante los años. En vista de ello, sostuvieron que se había constituido una servidumbre de paso por signo aparente.

Según el derecho que antecede, las servidumbres de paso se adquieren por título o a modo de excepción, pueden existir si contienen un signo aparente que revele su uso y aprovechamiento. Como establecimos anteriormente, la propia parte apelante admitió que no existía un título que acreditara la constitución de la servidumbre de paso. Ahora bien, para que se constituya una servidumbre de paso de signo aparente tienen que **concurrir** los siguientes requisitos: (1) que la existencia de un signo aparente

---

[18] Véase, pág. 161 del apéndice del recurso.

entre dos fincas; (2) que el signo aparente de servidumbre lo haya constituido el dueño de ambas fincas; (3) que una de las fincas sea enajenada; y, por último, (4) que el signo aparente de servidumbre no se haya hecho desaparecer previo a la enajenación o que no se haya hecho una manifestación contraria a la subsistencia del mismo en el título de enajenación de cualquiera de las fincas. *Díaz v. Con. Tit. Cond. El Monte n. Garden*, supra, pág. 460-463.

Del expediente ante nuestra consideración no surge que los presuntos predios sirviente y dominante le pertenecieran al mismo dueño. Particularmente, del *Estudio de Titulo* que presentó Ofertas como parte de su *Solicitud de Sentencia Sumaria* se desprende que esta última adquirió su propiedad por compra de la Sra. Lizette del Carmen Rexach Feliciano, el Sr. Jorge Antonio Saldana Rexah, la Sra. Lizette del Carmen Rexach Feliciano y de la Sra. Lizette Marie Saldaña Rexach.[19] A su vez, conforme a un documento oficial del Registro de la Propiedad se desprende que estos últimos adquirieron la propiedad por herencia del Sr. Emilio José Saldaña, esposo de la Sra. Lizette del Carmen Rexach Feliciano, quienes la adquirieron la por compra de Unitech Engineering Group, S.E.[20] Por otro lado, los apelantes adquirieron su propiedad por herencia de sus padres, el Sr. Samuel López Estrada y la Sra. Ana Lydia Rosado Toro.

Dicho lo anterior, no cabe duda de que las fincas han pertenecido a distintos dueños y, por ende, no se cumple con el requisito de que para que se constituya una servidumbre de paso por signo aparte esta tiene que ser constituida por el dueño de ambas fincas. En vista de ello, en el presente caso no **concurren todos los requisitos** para que se constituya la servidumbre de paso por signo aparente por lo que no proceden los argumentos de la parte apelante. Además, debemos recalcar que una servidumbre de

---

[19] Íd., pág. 92.
[20] Íd., pág. 166.

paso por signo aparente tampoco se constituye por la mera tolerancia de dicho paso. *Díaz v. Con. Tit. Cond. El Monte n. Garden*, supra, pág. 461. Así pues, concurrimos con la determinación del TPI de que em el presente caso no se constituyó una servidumbre de paso por lo que el primer señalamiento de error no se cometió.

Resuelto lo anterior, nos resta atender el segundo señalamiento de error en el cual la parte apelante argumenta que el TPI erró al determinar que para incluir la alegación de que "la eliminación del acceso convierte a la finca propiedad de la parte demandada reconveniente en una finca enclavada sin un acceso razonable a una vía pública" este último debió enmendar su *Contestación a Demanda y Reconvención Enmendada*. De un estudio detenido de la *Contestación a Demanda y Reconvención Enmendada* no surge que la parte apelante haya alegado como defensa afirmativa que la eliminación del acceso convertiría su propiedad en una finca enclavada. No fue hasta la oposición de sentencia sumaria que la parte apelante trajo dicho argumento por primera vez.

Como es sabido, la Regla 13 de Procedimiento Civil, *supra*, establece que una parte puede enmendar sus alegaciones en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación y en cualquier otro caso, únicamente con el permiso del tribunal o mediante el consentimiento escrito de la parte contraria. En el caso de autos, la parte apelante no solicitó enmendar su reconvención o incluir como parte de sus defensas afirmativas la alegación sobre que la eliminación del acceso convertiría su propiedad en una finca enclavada dentro de los veinte (20) días de haber notificado su alegación o con permiso del TPI. Tampoco surge que hubo consentimiento por escrito de Ofertas para que los apelantes pudiesen enmendar su reconvención con el efecto de incluir dicha alegación. Así pues, no erró el TPI al resolver que la parte apelante estaba obligada a solicitarle autorización para

enmendar su *Contestación a Demanda y Reconvención Enmendada* conforme lo dispone la Regla 13 de Procedimiento Civil, *supra*. Consecuentemente, el segundo señalamiento de error no se cometió.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones